IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ASSOCIATION CASUALTY INSURANCE COMPANY                                PLAINTIFF

V.                                                      CAUSE NO.: 1:12CV022-SA-DAS

MAJOR MART, INC.; GREGORY SHARP;
MITCHELL DISTRIBUTING COMPANY, INC.;
and MITCHELL BEVERAGE, LLC; and
JOHN DOES 1-10                                                        DEFENDANTS

ORDER ON RECONSIDERATION

The Court entered an Order and Memorandum Opinion holding that Association Casualty is contractually obligated to provide a defense for Defendants in the underlying countersuit. Plaintiff has requested that the Court reconsider its Opinion that the "breach of contract" exclusion does not apply.

Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or amend a judgment. But reconsideration "is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). And "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Id. (citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "a motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir. 2003) (citations and quotations omitted).

The Court has reviewed the arguments by Plaintiff on reconsideration and finds these contentions to be the same as argued in the summary judgment record. The Court has considered

those arguments and independently researched and reviewed the points put forth by counsel both at the summary judgment stage and at this juncture. Accordingly, Plaintiff's Motion for Reconsideration [39] is DENIED.

The case is STAYED pending determination of the underlying lawsuit, and the trial date currently set for August 5, 2013, is TERMINATED.

SO ORDERED, this the 1st day of August, 2013.

                                            **/s/ Sharion Aycock**
                                            **U.S. DISTRICT JUDGE**